**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEATHER DUTTON,**

      **Plaintiff,**

**-vs-**                Case No. 6:09-cv-1057-Orl-31DAB

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

      **Defendant.**
_____/

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Heather Dutton ("Plaintiff"), Amended Motion to Remand (the "Motion") (Doc. 22), and Defendant's, State Farm Mutual Automobile Insurance Company ("Defendant"), response in opposition thereto (the "Response") (Doc. 23).

**I. Overview**

Plaintiff originally filed this action in State court, alleging, *inter alia*, that as a result of an automobile accident on December 14, 2004, she suffered:

> [B]odily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the [sic] capacity of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and or [sic] has suffered an aggravation of a previously existing condition. These losses are either permanent or continuing in nature . . . [and Plaintiff] will suffer these losses in the future.

(Doc. 2, ¶ 7).

More than three years prior to filing suit, on or about August 2, 2006, Plaintiff demanded that Defendant tender her insurance policy limits in the amount of $100,000.00 (Doc. 1, ¶ 2). Plaintiff renewed her $100,000.00 settlement demand on March 6, 2009 (Docs. 1, ¶ 2 and 1-7). Defendant then made a *de minimis* counter offer, which Plaintiff rejected, and on April 6, 2009, Plaintiff made a new demand for $59,000.00 (Doc. 1-7). Defendant apparently rejected that new demand and Plaintiff finally filed suit on or about April 24, 2009.

Defendant was served on May 26, 2009, and timely removed on June 19, 2009 pursuant to 28 U.S.C. §§ 1332 and 1441(Doc. 1-2). At the time of removal, Plaintiff's medical bills amounted to $26,846.97 (Doc. 1-5).

Plaintiff now moves the Court to remand this case to state court. On August 25, 2009, Plaintiff filed a stipulation and affidavit in which she stipulated, "for all purposes," that the amount in controversy in this case is less than $75,000.00 (Doc. 20 at 3-5).

The Court addresses its subject matter jurisdiction and the amount in controversy, in particular, *infra*. Both sides agree that there is diversity of citizenship between the parties.

## II. Standard of Review

Unlike state courts, lower federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000.00. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See*, *e.g.*, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)). The amount in controversy is assessed at the time of removal. *See, e.g.*, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00. *See*, *e.g.*, *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Such evidence may include settlement offers. *Lowery*, 483 F.3d at 1212; *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

The Eleventh Circuit has concluded that the amount in controversy, while jurisdictional at the time of removal, is not subject to events subsequent to removal that might bring the amount in controversy below the requisite $75,000.00 threshold. *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000) (noting that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction"), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007). Instead, district courts must determine whether the amount in controversy exists at the time of removal. *Id.*; *see also Gaitor*, 287 F.2d at 255.

Finally, a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice or petition of removal. 28 U.S.C. § 1447(c).

## III. Analysis

In light of well-established precedent, Plaintiff's post-removal, August 25, 2009 stipulation and affidavit (*see* Doc. 25) have no bearing on the amount in controversy in this case. However, as of the date of removal, the only relevant evidence concerning the amount in controversy consisted of Plaintiff's April 6, 2009 settlement offer of $59,000.00, her medical bills in the amount of $26,846.97, and the general allegations in the Complaint. This evidence falls well-short of establishing that the amount in controversy exceeded $75,000.00 on the date of removal.

Defendant's argument that Plaintiff waived any objection regarding the amount in controversy by failing to file her Motion within the thirty-day time limit proscribed by 28 U.S.C. § 1447(c) is without merit. A party never waives an objection to subject matter jurisdiction. *See*,

*e.g.*, FED. R. CIV. P. 12(h). In any event, the Court itself is obligated to inquire into its own subject matter jurisdiction. *Univ. of S. Ala. v Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, the Court concludes, *sua sponte*, that Defendant has failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence. This case will therefore be remanded to state court.

**III. Conclusion**

Based on the foregoing, it is **ORDERED** that this matter is **REMANDED** to the Eighteenth Judicial Circuit in and for Brevard County, Florida, with each party to bear their own fees and costs. All pending motions are **DENIED** as **MOOT**. The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 15, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE